IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.   CCB-17-0145 |
| KENDALL CHARLES ALEXANDER, | * | |
|     Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>MEMORANDUM AND ORDER</u>

    Federal prison inmate Kendall Charles Alexander, representing himself, has filed a motion for compassionate release (ECF 162). He asserts as reasons (1) that he was not a career offender when sentenced and (2) the alleged failure of the BOP to protect him from "drugs and the intimidation and potential violence" at FCI Hazelton, where he is confined. *Id.* For the reasons that follow, the motion will be denied.

    The procedural background of Mr. Alexander's guilty plea and sentencing are fully set forth in this court's opinion denying his motion to vacate under 28 U.S.C. § 2255. (ECF 154). Trial counsel negotiated a plea under Fed. R. Crim. P. 11(c)(1)(C) calling for a sentence of 25 years, even though Mr. Alexander was later determined by the Probation Office not to be a career offender. Mr. Alexander acknowledged and accepted this at sentencing, understanding that his agreement meant the government would not insist on a plea to more serious charges (ECF 125, at 6:2–13, 9:22 – 12:11) (defendant stating that his attorney's explanation of why the agreed sentence was reasonable was "perfect"). His current reliance on what was already made clear to him does not constitute an extraordinary and compelling reason for release, particularly in light of his Rule 11(c)(1)(C) plea, *United States v. Bond*, 56 F.4th 381, 383–84 (4th Cir. 2023). Nor, considering the

seriousness of his offense and his criminal record, do the factors under 28 U.S.C. § 3553(a) support an early release.

His concern about conditions at FCI Hazelton, while understandable, also does not amount to an extraordinary and compelling reason for release. No specifics personal to Mr. Alexander have been identified. *See United States v. Tate*, No. 3:16-CR-74, 2022 WL 827256, at *2 (W.D.N.C. Mar. 18, 2022) ("An inmate's reasonable fear of assault by other inmates within the BOP is not an extraordinary or compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Moreover, U.S.S.G. § 1B1.13 provides no support for fear of physical harm in prison to be considered an extraordinary and compelling reason for compassionate release."); *United States v. Roberts*, No. CR 1:17-0178-MGL-1, 2022 WL 2209953, at *3 (D.S.C. June 21, 2022) (denying compassionate release where, *inter alia*, the defendant "fail[ed] to claim that he ha[d] any personal circumstances or conditions that entitle[d] him to relief"), *aff'd*, No. 22-6821, 2024 WL 49856 (4th Cir. Jan. 4, 2024).

Accordingly, Mr. Alexander's motion for compassionate release (ECF 162), is **DENIED**.

So Ordered this 15th day of November 2024.

The Clerk shall send a copy of this Memorandum and Order to Mr. Alexander and counsel of record.

BY THE COURT:

/S/ CATHERINE C. BLAKE
Catherine C. Blake
United States District Judge